# ALSTON & BIRD

The Atlantic Building
950 F Street, NW
Washington, DC  20004-1404
202-239-3300 | Fax: 202-654-4995

Emily Seymour Costin                     Direct Dial: 202-239-3695                    Email: emily.costin@alston.com

February 14, 2019

**VIA ECF**

The Honorable Ann M. Donnelly
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Courtroom 4GN
Brooklyn, NY  11201

Re:  *Gonzalez de Fuente, et al. v Preferred Home Care of New York, LLC., et al.*
     Case No. 1:18-cv-06749-AMD-PK

Dear Judge Donnelly:

We, along with Hodgson Russ, are counsel to Defendants Preferred Home Care of New York, LLC ("Preferred"), Edison Home Health Care ("Edison"), Berry Weiss, and Samuel Weiss (collectively, the "Edison Defendants") in this action filed by Plaintiffs Gonzalez De Fuente, Maria Kobryn, and Ivan Kobryn ("Plaintiffs").  We submit this letter pursuant to Rule 4(A)(i) of Your Honor's Individual Practices in Civil Cases, in advance of filing a motion to dismiss Plaintiffs' Complaint ("Complaint") pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, and 12(b)(6) for failure to state a claim upon which relief can be granted.

## PLAINTIFFS' ALLEGATIONS

The New York State Home Care Worker Wage Parity Law, Public Health Law § 3614-c ("Wage Parity Law") requires that home health aides working on cases that are reimbursable, in whole or in part, by Medicaid be paid a minimum rate of total compensation ("Minimum Rate") comprised of a cash portion and a benefit portion. Compl. ¶ 2. The benefit portion of the Minimum Rate ($4.09/hour), may be paid through a combination of enumerated benefits including, among other things, health benefits. *Id.* ¶ 3.

Plaintiff Gonzalez is a home health aide formerly employed by Preferred, and Plaintiffs Maria Kobryn and Ivan Kobryn are home health aides currently employed by Edison. *Id.* ¶¶ 1, 10-14. Plaintiffs concede that, at all relevant times, they received the minimum cash portion required by the Wage Parity Law.  *Id.* ¶¶ 30-41.  The gravamen of their Complaint is that the value of the health benefits provided by Preferred and Edison through the Edison Home Health Care Welfare Plan (the "Plan") were inadequate and did not satisfy the $4.09/hour benefit portion required under the Wage Parity Law. Thus, they claim they were not adequately paid the Minimum Rate required by the Wage Parity Law, and seek damages to "make [them] whole" for this alleged violation (Count V) (the "Wage Parity Claim").

Alston & Bird LLP                                                                                                                                www.alston.com

Atlanta  |  Beijing  |  Brussels  |  Charlotte  |  Dallas  |  Los Angeles  |  New York  |  Raleigh  |  San Francisco  |  Silicon Valley  |  Washington, D.C.

February 14, 2019
Page 2

Plaintiffs also allege that certain defendants violated requirements of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq.* ("ERISA"), in connection with the same Plan they claim provided inadequate value for Wage Parity purposes (Counts II, III and IV) (the "ERISA Claims"). Finally, they allege that Edison failed to provide certain requested Plan documents to Plaintiff Gonzalez in violation of ERISA (Count I) (the "Document Claim").

**ARGUMENT**

The doctrine of standing serves to identify cases and controversies that are justiciable under Article III of the Constitution. An "irreducible constitutional minimum of standing" is that a plaintiff must have suffered an "injury in fact" – that is, an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992) (citations omitted). Although a statute may confer statutory standing and broaden the class of redressable injuries, the Supreme Court has never held that Congress may eliminate the Article III requirement of "concrete injury." *Id.* at 578.  Thus, though ERISA confers statutory standing upon participants to sue in federal court, a plaintiff alleging ERISA claims still bears the burden of establishing Article III standing. *See Kendall v. Employees Retirement Plan of Avon Prods.,* 561 F.3d 112, 118-19 (2d Cir. 2009) (rejecting argument that plaintiff "need not show individualized harm" to sustain a claim under ERISA) *abrogated on other grounds by Am. Psychiatric Ass'n v. Anthem Health Plans, Inc.*, 821 F.3d 352, 359 (2d Cir. 2016); *Taveras v. UBS AG,* 612 Fed. Appx. 27, 29 (2d Cir. 2015) ("An ERISA plan participant lacks standing to sue for ERISA violations that cause injury to a plan but not individualized injury."); *see also Harley v. Minn. Mining and Manufacturing Co.*, 284 F.3d 901, 906-07 (8th Cir. 2002) (determining that there was no constitutional standing because the "loss did not cause actual injury to plaintiff's interests in the plan," and that Article III limits "participants . . . who have suffered *no* injury . . . from suing to enforce ERISA fiduciary duties on behalf of the Plan"), *cert. denied*, 537 U.S. 1106 (2003).

Here, Plaintiffs do not allege any concrete, particularized injury arising from the ERISA Claims to satisfy Article III. They do not allege that: (1) they were denied access to participate in the Plan; (2) they were improperly denied any health benefits under the Plan; (3) the Plan is underfunded or unable to pay for the health benefits; or (4) they suffered any harm cognizable under ERISA. Though Plaintiffs express dissatisfaction with certain features of the Plan (Compl. ¶¶ 51-55), they do not allege that such features violated ERISA or any other federal law. The only purported "injury" Plaintiffs identify is the alleged deprivation of the $4.09/hour benefit portion of the Minimum Rate required by the Wage Parity Law. Because they do not allege any injury caused by the asserted ERISA violations, Plaintiffs lack Article III standing, and this Court has no subject matter jurisdiction over the ERISA Claims.

Further, as a former employee of Preferred (*Id.* ¶¶ 1, 10), Plaintiff Gonzalez lacks statutory standing to bring the ERISA Claims in any event.  A former employee may qualify as a "participant" for statutory standing purposes only if she has a "reasonable expectation of returning to covered employment." 29 U.S.C. § 1002(7); *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 117–18 (1989). Plaintiff Gonzalez no longer participates in the Plan, and she has not alleged a reasonable expectation of returning to covered employment or any personal gain she would receive from a grant of relief on the ERISA Claims. *See, e.g., Scanlan v. Kodak Ret. Income Plan,* 678 F.Supp.2d 110, 115 (W.D.N.Y. 2010) (finding that a former employee lacked standing under ERISA based on the "reasonable expectation" prong because he "[did] not expect to return to employment" and the benefit he seeks is simply not one for which he himself is "eligible, or may become eligible").

February 14, 2019
Page 3

In addition, the Edison Defendants will demonstrate that Plaintiff Gonzalez was not a "participant" in the Plan at the time she made the request for Plan documents on August 31, 2018 and, therefore, lacks standing to bring the Document Claim as well.

This Court also lacks jurisdiction over the Wage Parity Claim. A District Court can exercise supplemental jurisdiction over State law claims where such claims "are so related to claims in the action within [the Court's] original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). "[D]isputes are part of the same case or controversy . . . when they derive from a common nucleus of operative fact." *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 335 (2d Cir. 2006) (citations omitted). Because the ERISA and Document Claims should be dismissed, this Court should decline to exercise supplemental jurisdiction over the Wage Parity Claim.  Even if the Document Claim were to survive dismissal, the Wage Parity Claim shares no common facts with that claim to require an extension of supplemental jurisdiction. Further, even if this Court had supplemental jurisdiction over the Wage Parity Claim, it should decline to exercise same, as the Wage Parity Claim "raises . . . novel [and] complex issue[s] of State law" that would require substantial interpretation of the Wage Parity Law, including whether an employer's use of so-called "captive" arrangements violate the Wage Parity Law. *See* § 1367(c)(1).  Moreover, the Complaint shows that these issues are the gravamen of Plaintiffs' contentions and *predominate* over the Document Claim, if it were to survive dismissal. *See* § 1367(c)(2).

Moreover, the Wage Parity Claim should be dismissed because Plaintiffs have failed to state a claim upon which relief can be granted. There is nothing in the Wage Parity Law that prohibits the insurance or compensated time off arrangements alleged to be maintained by Preferred and/or Edison or that renders such benefits non-creditable towards the Minimum Rate required under the Wage Parity Law.  Moreover, the Wage Parity Claim must be dismissed to the extent it seeks relief under the New York Labor Law ("NYLL"), as Plaintiffs have not alleged a violation of any substantive NYLL provision.

Finally, the claims against Preferred should be dismissed based on the "first filed rule." "The first filed rule . . . permits the transfer or dismissal of subsequently commenced litigation involving the same parties and the same issues when both suits are pending in federal courts." *Kytel Int'l Grp., Inc. v. Rent A Ctr., Inc.*, 43 F. App'x 420, 422 (2d Cir. 2002); *Castillo v. Taco Bell of Am., LLC*, 960 F. Supp. 2d 401, 404 (E.D.N.Y. 2013). Here, Preferred is the defendant in an action filed by Alla Medvedeva in the United States District Court of the Eastern District of New York under Index Number 1:17-cv-05739 ("*Medvedeva*"). *Medvedeva*, which was filed on or about September 29, 2017, seeks recovery for a class of home health aides employed by Preferred for alleged violations of, *inter alia*, the Wage Parity Law.  As *Medvedeva* involves the same parties and the issues as and pre-dates this action, dismissal of all claims against Preferred is warranted.

## CONCLUSION

For all of these reasons, the Edison Defendants request the Court set a briefing schedule to allow them to more fully address these legal issues.   Alternatively, the Edison Defendants request the Court set a pre-motion conference. This letter is submitted without prejudice to the Edison Defendants' right to assert the same and/or additional grounds for dismissal and/or affirmative defenses at a later date.

February 14, 2019
Page 4

Respectfully,

*/s/ Emily S. Costin*

Emily Seymour Costin

cc: All Counsel of Record (via ECF and e-mail)