

# LIPSIUS-BENHAIM LAW, LLP

80-02 Kew Gardens Road
Suite 1030
Kew Gardens, NY 11415
Telephone: 212-981-8440
Facsimile: 888-442-0284
www.lipsiuslaw.com

**IRA S. LIPSIUS**
Direct Line: 212-981-8442
Email:  iral@lipsiuslaw.com

February 14, 2019

**VIA ECF**
The Honorable Ann M. Donnelly
United States District Court
for the Eastern District of New York
225 Cadman Plaza East
Courtroom 4GN
Brooklyn, NY  11201

Re:   5392.0001: *Gonzalez de Fuente, et al. v Preferred Home Care of New York, LLC., et al.*
Case No. 1:18-cv-06749-AMD-PK

Dear Judge Donnelly:

We are counsel to Defendant HealthCap Assurance, Inc. ("HealthCap") in this action filed by Plaintiffs Gonzalez De Fuente, Maria Kobryn, and Ivan Kobryn ("Plaintiffs").  We submit this letter pursuant to Rule 4(A)(i) of Your Honor's Individual Practices in Civil Cases, in advance of filing a motion to dismiss Plaintiffs' Complaint ("Complaint") pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, and 12(b)(6) for failure to state a claim upon which relief can be granted.

## **PLAINTIFFS' LIMITED ALLEGATIONS AGAINST HEALTHCAP**

Plaintiff has alleged that HealthCap is a "party in interest" and that "upon information and belief" a "cell" of HealthCap was owned by defendants Edison, Preferred, Berry Weiss and/or Samuel Weiss. Plaintiffs sole claims against HealthCap are pursuant to of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq.* ("ERISA").

Plaintiffs appear to allege that there was a prohibited transaction, which appears to be undefined. Plaintiffs assert that other defendants knowingly participated in the prohibited transaction. Plaintiffs do not allege HealthCap knowingly participated in the prohibited transaction.

LIPSIUS-BENHAIM LAW, LLP

The Honorable Ann M. Donnelly
United States District Court
for the Eastern District of New York
February 14, 2019
Page 2

**ARGUMENT**

Defendants Edison, Preferred, Berry Weiss and Samuel Weiss ("Edison Defendants") have filed a letter to this court addressing the issues in this action and their bases for a motion to dismiss. HealthCap hereby adopts those arguments. If the action is dismissed against the other defendants, it should be dismissed against HealthCap, as well.

It is submitted that Plaintiffs lack standing. The doctrine of standing serves to identify cases and controversies that are justiciable under Article III of the Constitution. An "irreducible constitutional minimum of standing" is that a plaintiff must have suffered an "injury in fact" – that is, an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992) (citations omitted). Although a statute may confer statutory standing and broaden the class of redressable injuries, the Supreme Court has never held that Congress may eliminate the Article III requirement of "concrete injury." *Id.* at 578. Thus, though ERISA confers statutory standing upon participants to sue in federal court, a plaintiff alleging ERISA claims still bears the burden of establishing Article III standing. *See Kendall v. Employees Retirement Plan of Avon Prods.,* 561 F.3d 112, 118-19 (2d Cir. 2009) (rejecting argument that plaintiff "need not show individualized harm" to sustain a claim under ERISA as a "clear misstatement of law.") *abrogated on other grounds by Am. Psychiatric Ass'n v. Anthem Health Plans, Inc.*, 821 F.3d 352, 359 (2d Cir. 2016); *Taveras v. UBS AG,* 612 Fed. Appx. 27, 29 (2d Cir. 2015) ("An ERISA plan participant lacks standing to sue for ERISA violations that cause injury to a plan but not individualized injury."); *see also Harley v. Minn. Mining and Manufacturing Co.*, 284 F.3d 901, 906-07 (8th Cir. 2002) (determining that there was no constitutional standing because the "loss did not cause actual injury to plaintiff's interests in the plan," and that Article III limits "participants . . . who have suffered *no* injury . . . from suing to enforce ERISA fiduciary duties on behalf of the Plan"), *cert. denied*, 537 U.S. 1106 (2003).

Here, Plaintiffs do not allege any concrete, particularized injury arising from the ERISA Claims to satisfy Article III. They do not allege that: (1) they were denied access to participate in the Plan; (2) they were improperly denied any health benefits under the Plan; (3) the Plan is underfunded or unable to pay for the health benefits; or (4) they suffered any harm cognizable under ERISA. Though Plaintiffs express dissatisfaction with certain features of the Plan (Compl. ¶¶ 51-55), they do not allege that such features violated ERISA or any other federal law. The only purported "injury" Plaintiffs identify is the alleged deprivation of the $4.09/hour benefit required by the Wage Parity Law. Because they do not allege any injury caused by the asserted ERISA violations, Plaintiffs lack Article III standing, and this Court has no subject matter jurisdiction over the ERISA Claims.

LIPSIUS-BENHAIM LAW, LLP

The Honorable Ann M. Donnelly
United States District Court
for the Eastern District of New York
February 14, 2019
Page 3

Further, as a former employee of Preferred (*Id.* ¶¶ 1, 10), Plaintiff Gonzalez lacks statutory standing to bring the ERISA Claims in any event. A former employee may qualify as a "participant" for statutory standing purposes only if she has a "reasonable expectation of returning to covered employment." 29 U.S.C. § 1002(7); *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 117–18 (1989). Plaintiff Gonzalez no longer participates in the Plan, and she has not alleged a reasonable expectation of returning to covered employment or any personal gain she would receive from a grant of relief on the ERISA Claims. *See, e.g., Scanlan v. Kodak Ret. Income Plan,* 678 F.Supp.2d 110, 115 (W.D.N.Y. 2010) (finding that a former employee lacked standing under ERISA based on the "reasonable expectation" prong because he "[did] not expect to return to employment" and the benefit he seeks is simply not one for which he himself is "eligible, or may become eligible"). In addition, the Edison Defendants advise that they will demonstrate that Plaintiff Gonzalez was not a "participant" in the Plan at the time she made the request for Plan documents on August 31, 2018 and, therefore, lacks standing to bring the Document Claim as well.

In order to assert a claim against an interested party under ERISA, one must allege the interested party **knowingly participated** as a party in interest in prohibited transactions. Both Knowledge and participation are essential elements of an interested party claim. *Harris Tr. and Sav. Bank v. Salomon Smith Barney Inc.*, 530 U.S. 238, 245-51 (2000). Plaintiffs fail to allege HealthCap participated in the transaction and certainly fail to allege knowing participation. Even a conclusory allegation of knowing participation, without specific allegations, fails to meet the required pleading standards. *Spear v. Fenkell*, CV 13-2391, 2016 WL 5661720 (E.D. Pa. Sept. 30, 2016), *clarified on denial of reconsideration*, CV 13-2391, 2016 WL 7475814 (E.D. Pa. Dec. 29, 2016).

## CONCLUSION

For all of these reasons, HealthCap requests the Court set a briefing schedule to allow it to more fully address these legal issues. Alternatively, a pre-motion conference is requested. This letter is submitted without prejudice to the right to assert the same and/or additional grounds for dismissal and/or affirmative defenses at a later date.

Respectfully Submitted,

Ira S. Lipsius

cc: All Counsel of Record (via ECF)