

2030 Addison Street, Suite 500, Berkeley, CA 94704
tel: 510/269.7998 • fax: 510/269.7994
www.feinbergjackson.com

February 15, 2019

*By ECF*

The Honorable Ann Donnelly
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      RE:   *Gonzalez de Fuente, et al. v. Preferred Home Care of New York LLC, et al.*,
             **Case No. 18-cv-06749-AMD-PK (E.D.N.Y.)**

Dear Judge Donnelly:

      We are co-counsel for Plaintiffs in the above-captioned action. Defendant HealthCap Assurance, Inc. ("HealthCap") has written to this Court requesting a pre-motion conference for filing a motion to dismiss. D.E. 24. Pursuant to Your Honor's Individual Practices and Rules, we request a pre-motion conference in advance of filing a motion to strike Defendant HealthCap Assurance, Inc.'s ("HealthCap") motion to dismiss. *See* Fed. R. Civ. P. 12(f). The ground for Plaintiffs' anticipated motion to strike is that HealthCap has not posted the required bond under New York Insurance Law § 1213(c) ("Section 1213(c)").

      Section 1213(c) provides in relevant part that:

      Before any unauthorized foreign or alien insurer files any pleading in any proceeding
      against it, it shall …

      (A) deposit with the clerk of the court in which the proceeding is pending, cash or
      securities or file with such clerk a bond with good and sufficient sureties, to be approved
      by the court, in an amount to be fixed by the court sufficient to secure payment of any
      final judgment which may be rendered in the proceeding ….

N.Y. Ins. Law § 1213(c)(1).

      As shown by the enclosed certificate from the New York State Department of Financial Services, HealthCap is not licensed under the New York Insurance Law. Under Section 1213(c), it is therefore required to post a bond sufficient to satisfy a potential judgment before filing its motion to dismiss. Here, the potential judgment against HealthCap is approximately $20 million.

      HealthCap's proposed motion to dismiss is a pleading subject to Section 1213(c). In *Levin v. Intercontinental Cas. Ins. Co.,* 95 N.Y.2d 523 (2000), the New York Court of Appeals



considered whether a motion to dismiss brought by a foreign unauthorized reinsurer constituted a "pleading" under Section 1213(c) and thus required the reinsurer to post a bond. *Id*. at 525-26. The Court of Appeals concluded that "[w]hether any particular motion to dismiss – other than the one carved out [i.e., a motion to set aside service pursuant to Section 1213(c)(3)] – falls within the category of a 'pleading' must be determined in accordance with the Legislature's objectives in enacting the statute."[1] *See also id*. at 528 n. 3 ("Section 1213's legislative history indicates that defending on the merits requires the posting of a bond"); *The Energy Conservation Group LLC v. Applied Underwriters, Inc.*, 2016 WL 1534170, *1 (Sup. Ct. Queens Co. March 22, 2016) (ordering unauthorized insurer to post security in compliance with Section 1213(c) "before serving an answer or a dismissal motion").

Section 1213(c)'s bond requirement applies without regard to the potential strength or weakness of HealthCap's motion to dismiss. The *Levin* Court expressly rejected the reinsurer's argument that, "[i]f a complaint is so flawed that it cannot survive a motion to dismiss, there is no possibility that a judgment [for plaintiff] will be entered and no need to ensure that funds are available to satisfy one." 95 N.Y.2d at 528. The New York Court of Appeals reasoned:

> Allowing [the reinsurer] to raise its defenses without posting a bond would compromise section 1213(c)'s goal of assuring that funds are available in New York to satisfy any judgment in plaintiff's favor. A foreign carrier could wage extensive, costly motion practice, and yet avoid the bond requirement by simply advancing a host of defenses before interposing a formal answer. If defeated, the carrier could simply ignore the remainder of the proceedings and relegate the plaintiff to a default judgment with no in-State collateral. This is what the Legislature sought to avoid by enacting section 1213(c).

*Id*.

In discussing an analogous Connecticut insurance statute, one federal district court has similarly explained that "[p]re-pleading security is a mandatory statutory requirement… The consequence of a defendant's failure to post pre-pleading security is a judicial order precluding the defendant from filing any pleadings, or if one has been filed (such as an answer), striking the pleading." *Travelers Indem. Co. v. Excalibur Reinsurance Corp.*, No. 3:11 - CV- 1209 CSH, 2014 WL 941444, at *2 (D. Conn. Mar. 11, 2014).

Thus, Insurance Law § 1213(c) requires HealthCap to post a deposit or bond "sufficient to secure payment of any final judgment which may be rendered in the proceeding." In *Levin*, the New York Court of Appeals recognized that inasmuch as "[t]he calculation must be made at an

---

[1] Section 1213(c)(3) excuses a foreign insurer from the bond posting requirement when it files a "motion" to set aside service on the ground that the carrier did not commit the acts in New York State that form the predicate for the court's jurisdiction. That is not the motion HealthCap has filed here.

Hon. Ann Donnelly
U.S. District Court Judge
February 15, 2019
Page 3



early stage of the litigation, prior to the resolution of potentially complex factual and legal issues," the amount of the security "necessarily falls within the trial courts discretion." 95 N.Y.2d at 529.

      Here, Plaintiffs calculate the amount of the bond that should be posted is approximately $20 million. Plaintiffs' prohibited transaction claims under ERISA § 406, 29 U.S.C. § 1106 (Second and Third Claims for Relief), *inter alia*, seek as a remedy restitution, an accounting for profits, or disgorgement of the premiums received by HealthCap in excess of the benefits paid by HealthCap for plan participants. Based on the Form 5500 Annual Reports filed by Defendant Edison Home Health Care on behalf of the Edison Home Health Care Welfare Plan ("the Plan"), the Plan paid Defendant HealthCap approximately $30 million in premiums for Plan Years 2015, 2016 and 2017, but HealthCap has only paid approximately $10 million in benefits for those Plan Years. Plaintiffs will include a detailed accounting and copies of the Plan's Form 5500 Annual Reports with their proposed motion to strike.

Respectfully Submitted,

FEINBERG, JACKSON,
WORTHMAN & WASOW LLP

By  /s/
     Daniel Feinberg
     dan@feinbergjackson.com

Enclosure

cc:    All Counsel of Record (via ECF)



Andrew M. Cuomo  
Governor

Maria T. Vullo  
Superintendent

IT IS HEREBY CERTIFIED that a diligent search of the records of this Department has revealed Healthcap Assurance, Inc. is not, and never has been, licensed under any section of the New York Insurance Law.

IN WITNESS WHEREOF, I have

hereunto set my hand and

affixed the official seal

of this Department at the

City of Albany, this 30th day

of January, 2019

MARIA T. VULLO  
SUPERINTENDENT

By *Kathleen Granderath*  
Kathleen Granderath  
Special Deputy Superintendent

ONE COMMERCE PLAZA, ALBANY, NY 12257 | WWW.DFS.NY.GOV