UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| YNES M. GONZALEZ DE FUENTE, MARIYA KOBRYN, and IVAN KOBRYN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>PREFERRED HOME CARE OF NEW YORK LLC, EDISON HOME HEALTH CARE, HEALTHCAP ASSURANCE, INC., HEALTHCAP ENTERPRISES, LLC, BERRY WEISS, SAMUEL WEISS, MARK REISMAN, GREGG SALZMAN, SHAYA MANNE, DANIEL ELLENBERG, AMIR ABRAMCHIK, DOV FEDER, DOES 1-15, Inclusive,<br><br>Defendants. | 18-CV-6749 (AMD) (PK) |

**JOINDER OF DEFENDANTS HEALTHCAP ASSURANCE, INC., HEALTHCAP ENTERPRISES, LLC, AMIR ABRAMCHIK AND DOV FEDER TO THE EDISON AND TRUSTEE DEFENDANTS' MOTION TO STAY THIS CASE PENDING THE SUPREME COURT'S RESOLUTION OF *THOLE V. U.S. BANK***

PUTNEY, TWOMBLY, HALL & HIRSON LLP
521 Fifth Avenue
New York, New York 10175
(212) 682-0020

*Attorneys for Defendants*
*HealthCap Assurance, Inc., HealthCap Enterprises, LLC,*
*Amir Abramchik and Dov Feder*

Of Counsel:
    Thomas A. Martin
    Rebecca K. Kimura

## STATEMENT OF JOINDER

Defendants HealthCap Assurance, Inc., HealthCap Enterprises, LLC, Amir Abramchik, and Dov Feder (collectively, the "HealthCap Defendants"), by and through their attorneys, Putney, Twombly, Hall & Hirson LLP, submit this Memorandum of Law in support of their joinder to Defendants' Preferred Home Care of New York, LLC ("Preferred"), Edison Home Health Care ("Edison"), Berry Weiss and Samuel Weiss (collectively, the "Edison Defendants"), Mark Reisman, Gregg Salzman, Avraham (Shaya) Manne, and Daniel Ellenberg (collectively, the "Trustee Defendants") memorandum of law[1] in support of their motion to stay this action pending the Supreme Court's resolution of *Thole v. U.S. Bank*. *See Thole v. U.S. Bank, N.A.*, 139 S. Ct. 2771 (2019).

The HealthCap Defendants join and adopt the factual statements and arguments set forth in the Edison Defendants and Trustee Defendants' Motion to Stay this Case and accompanying Memorandum of Law, as if fully set forth herein. (*See* ECF Dkt Nos. 75-76)

The HealthCap Defendants filed their motion to dismiss the First Amended Complaint on June 26, 0219, arguing, in part, that Plaintiffs lack Article III standing to pursue claims for alleged ERISA violations under ERISA § 406(a), because Plaintiffs have no concrete or particularized individualized loss. (S*ee* ECF Dkt Nos. 58-60)  In doing so, the HealthCap Defendants incorporated by reference all of the Edison Defendants and Trustee Defendants' arguments concerning standing in their motion to dismiss and reply, including the discussion and application of *Thole* to their motion.  (See ECF Dkt Nos. 59, 68)  The Supreme Court's determination of

---

[1] As used herein, "Plaintiffs" refers to the named plaintiffs Ynes Gonzalez de Fuente, Mariya Kobryn, and Ivan Kobryn.  The "Plan" refers to the Edison Home Health Care Welfare Plan a/k/a the Edison Assist HHC Employee Benefit Plan. "ERISA" refers to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq.* The "Wage Parity Law" refers to the New York Home Health Care Wage Parity Law, N.Y. Public Health Law Section 3614-c.

standing in the *Thole* case thus similarly impacts resolution of the standing argument raised by the HealthCap Defendants in their motion to dismiss, and the reasons set forth in the Edison Defendants and Trustee Defendants' motion supporting a stay of this action apply equally to the HealthCap Defendants. Among other things, a limited stay of the action with regard to all parties pending a decision in the *Thole* case would promote judicial economy and prevent unnecessary expenditure of time and resources litigating claims that may be disposed of in light of the Supreme Court's decision in *Thole*. (*See* Edison Defendants and Trustees' Motion for Stay at pp. 3-8). On the other hand, the prejudice to Plaintiffs if a short stay were granted would be minimal, if any. (*See Ibid.*)

For all the foregoing reasons, and the reasons set forth in the Edison Defendants and Trustee Defendants' Motion for Stay, the HealthCap Defendants respectfully request that the Court grant their motion to stay this case, including all pending motions, until the Supreme Court renders its decision in *Thole v. U.S. Bank*.

Dated: New York, New York

September 25, 2019

**PUTNEY, TWOMBLY, HALL & HIRSON LLP**

\_\_/s/ Thomas A. Martin_____
Thomas A. Martin
Rebecca K. Kimura
521 Fifth Avenue
New York, New York 10175
(212) 682-0020

*Attorneys for Defendants
HealthCap Assurance, Inc., HealthCap Enterprises, LLC, Amir Abramchik and Dov Feder*