# EXHIBIT A

# ALSTON & BIRD

The Atlantic Building
950 F Street, NW
Washington, DC 20004-1404
202-239-3300 | Fax: 202-239-3333

November 11, 2020

**VIA E-MAIL**
Laureve Blackstone
Levy Ratner, P.C.
lblackstone@levyratner.com

## CONFIDENTIAL SETTLEMENT COMMUNICATION

Re:   *Gonzalez de Fuente, et al. v. Preferred Home Care of New York, LLC, et al.*, Case No. 1:18-cv-6749-AMD-PK

Dear Laureve:

We write regarding the sole remaining claim in this case brought by Plaintiff Ynes M. Gonzalez de Fuente ("Gonzalez") in her individual capacity, seeking statutory penalties under ERISA for an alleged failure to promptly produce plan documents under ERISA § 104(b), 29 U.S.C. §1024(b)(4). *See* Amended Complaint ("Am. Compl.") [ECF No. 42], First Claim for Relief.

On August 31, 2018, Gonzalez submitted a written request for documents to the administrator of the Edison Assist HHC Employee Benefit Plan (the "Plan") seeking a copy of the Plan and a number of other Plan-related documents. Am. Compl. ¶ 91. On September 24, 2018, the Plan administrator responded, and provided Gonzalez with the 80-page Plan Document and Summary Plan Description. *Id.* at ¶ 92. On March 11, 2019, after retaining undersigned counsel, the Plan administrator provided additional requested documents, including, the trust agreement, an insurance contract and additional Plan-related summary materials. *Id.* at ¶ 93.

Though Edison responded to her initial document request on September 24, 2018, we understand Gonzalez contends the production was incomplete and did not fully comply with ERISA § 104(b). Edison denies that the response was improper and denies that any deficiency was due to anything other than innocent mistake or lack of clarity on what the law requires. Nevertheless, there is no dispute that Edison (with the assistance of counsel) provided *a full and complete response* to Gonzalez's request by March 11, 2019. Therefore, any claim for "equitable" or "injunctive relief" seeking the production of documents is now moot. *E.g., Wise v. Plan Adm'r of the IBM Benefits Plan for Retired Emps.*, No. 3:13cv1591 (JBA), 2014 U.S. Dist. LEXIS 106862, at *19 (D. Conn. Aug. 5, 2014) (holding that plaintiff's request for injunctive relief ordering defendant to produce

Alston & Bird LLP                                                                                                    www.alston.com

Atlanta | Beijing | Brussels | Charlotte | Dallas | Fort Worth | London | Los Angeles | New York | Raleigh | San Francisco | Silicon Valley | Washington, D.C.

documents in response to §104(b) request was moot because defendant had produced the documents requested). There is no dispute Gonzalez had the benefit of these documents when she filed her Amended Complaint in this action on April 24, 2019 and, therefore, cannot credibly claim any prejudice. *See* Am. Compl. at ¶¶ 91-94; 105-114. Nevertheless, Gonzalez persists in pursuing this empty claim, asking the Court to award discretionary penalties of "up to $110 a day" under ERISA § 502(c) for the 161 days in which she did not receive *some* of the documents she requested — the sum total of *no more than* $17,710,120. *See* Am. Compl. ¶¶ 105-114.

In assessing such a claim for penalties, courts consider a number of factors, such as: "(1) the administrator's bad faith or intentional conduct; (2) the length of the delay; (3) the number of requests made; (4) the extent and importance of the documents withheld; and (5) the existence of any prejudice to the participant or beneficiary." *Campanella v. Mason Tenders' Dist. Council Pension Plan*, 299 F. Supp. 2d 274, 293 (S.D.N.Y. 2004) (quoting *McDonald v. Pension Plan of NYSA-ILA Pension Trust Fund*, 320 F.3d 151, 163 (2d Cir. 2003)). "The first factor — bad faith — is arguably the most important factor, considering that the statutory penalty provision is in the nature of punitive damages designed more to punish the intransigent administrator and to teach ERISA fiduciaries a needed lesson than to compensate the [plan participant] for actual loss." *Patterson v. Ret. & Pension Plan For Officers and Emps. of the N.Y. Dist. Council of Carpenters*, No. 00 Civ. 5962 (MBM), 2001 U.S. Dist. LEXIS 15949, at *20 (S.D.N.Y. Oct. 5, 2001) (internal quotation and citation omitted). "The absence of bad faith should mitigate any penalty, if not decrease it to zero." *Id.* at *21 (citation omitted). "In most cases in which § 502(c) sanctions have been awarded, the defendant failed to respond to *numerous requests* from the plaintiff." *LaCoparra v. Pergament Home Ctrs., Inc.*, 982 F. Supp. 213, 230 (S.D.N.Y. 1997) (emphasis added).

Absent a showing of bad faith, prejudice, and/or repeated requests for documents, courts routinely decline to award statutory penalties. *See, e.g.*, *Kwan v. Andalex Grp., LLC*, 737 F.3d 834, 848 (2d Cir. 2013) (district court acted "well within its discretion" holding that the plaintiff was not entitled to statutory penalties where there was no evidence of bad faith, intentional misconduct, or prejudice); *Curran v. Aetna Life Ins. Co.*, No. 13-cv-00289 (NSR), 2016 U.S. Dist. LEXIS 90383, at *27-31 (S.D.N.Y. July 11, 2016) (no award of statutory penalties despite "length of delay," because plaintiff made only one request and failed to show bad faith or prejudice); *Butler v. N.Y. State Teamsters Conference Pension & Ret. Fund*, No. 5:01-CV-01211, 2005 U.S. Dist. LEXIS 2097, at *25-26 (N.D.N.Y. Feb. 15, 2005) (denying statutory penalties, noting that "where the absence of either bad faith or prejudice is palpable," awarding a penalty "would be an unjustifiable windfall"); *Campanella*, 299 F. Supp. 2d at 293 (not awarding statutory penalties where no showing of bad faith or prejudice and plaintiffs only made two requests for documents); *Brinker ex. rel. Estate of Brinker v. The Pension Plan for Assocs. of Nine West Grp., Inc.*, 347 F. Supp. 2d 10, 15 (S.D.N.Y. 2004) (declining to award statutory penalties where plaintiff was not prejudiced by delay); *Yoon v. Fordham Univ. Faculty & Admin. Ret. Plan*, 99 Civ. 11042 (RCC), 2004 U.S. Dist. LEXIS 26070, at *59 (S.D.N.Y. Dec. 28, 2004), *aff'd*, 173 F. App'x

936, 940 (2d Cir. 2006) (declining to award statutory penalties, finding lack of bad-faith and harm to plaintiff outweighed the "lengthy delay" and repeated requests for documents); *Plotkin v. Bearings, Ltd.*, 777 F. Supp. 1105, 1108 (E.D.N.Y. 1991) (holding ten-month delay did not warrant sanctions due to lack of bad faith on part of plan administrator); *Chambers v. European Am. Bank & Trust Co.*, 601 F. Supp. 630, 638-39 (E.D.N.Y. 1985) (collecting cases) ("The weight of authority indicates that penalties are not imposed when a plaintiff has failed to demonstrate that his rights were harmed or otherwise prejudiced by the delay in his receipt of the information."); *see also Carney v. Int'l Bhd. Of Elec. Workers Local Union 98 Pension Fund*, No. 00-6270, 2002 U.S. Dist. LEXIS 9326, at *24-25 (E.D. Pa. May 23, 2002) (declining to impose penalties even though some documents were "never provided," where the disability claimant, though represented by counsel, did not "vigorously" pursue her request for documents and alleged neither harm nor prejudice).

We do not believe the Court will award such discretionary penalties in this instance. Gonzalez does not allege (nor can she) that any supposed deficiency in the response was due to bad faith or intentional misconduct. Nor does she allege she made repeated requests for documents that went ignored. Moreover, Gonzalez cannot credibly contend she suffered any prejudice, because she ultimately received all documents requested *prior to* filing her Amended Complaint in this action.

Nevertheless, Edison recognizes the time, effort and costs involved in engaging in further motion practice over this claim and, for that reason, makes the following Offer of Judgment:

## **OFFER OF JUDGMENT**

Edison, by and through counsel, and pursuant to Rule 68 of the Federal Rules of Civil Procedure, hereby offers:

> That Judgment be taken by Plaintiff Ynes Gonzalez de Fuente ("Gonzalez") against Defendant Edison Home Health Care ("Edison) in the First Claim for Relief asserted in the Amended Complaint in this action pending in the U.S. District Court for the Southern District of New York (the "Action") in the gross sum of $12,000.00 (twelve thousand dollars), inclusive of attorney's fees and costs of this suit attributable to Gonzalez's First Claim for Relief now incurred through the date of this offer. This sum shall be the total amount Edison is obligated to pay Gonzalez on account of any liability claimed in the First Claim for Relief in the Amended Complaint.

This Offer of Judgment is subject to the following terms and conditions:

1. In consideration of the amount specified in the Offer of Judgment, Plaintiff Gonzalez will forever release, waive and discharge Edison and its respective employees, officers, agents, divisions, subsidiaries, parent corporations, affiliates, successors and assigns of and from any and all claims, demands, actions, causes of action, known or

unknown, suspected or unsuspected, relating in any manner whatsoever to those matters that were raised or could have been raised in the First Claim for Relief in the Action including, without limitation, alleged violations of ERISA § 104(b), 29 U.S.C. § 1024(b) and alleged non-payment of civil penalties under ERISA § 502(c), 29 U.S.C. § 1132(c).

  2. Plaintiff Gonzalez further agrees and acknowledges that the payment of the amount specified in the Offer of Judgment and other consideration given in connection with this settlement is the result of a compromise and settlement of disputed claims, and shall never at any time or for any purpose be considered an admission of liability or responsibility on the part of any of the parties herein released.

  3. Plaintiff Gonzalez agrees that this Offer of Judgment is intended to be a full and final compromise, release and settlement of all claims, demands, actions, causes of action, known or unknown, suspected or unsuspected, relating to those matters that were raised or could have been raised in the First Claim for Relief in the Action.

  4. Plaintiff Gonzalez acknowledges that different or additional facts may be discovered in addition to what she now knows or believes to be true with respect to the matters herein released, and that she agrees that this settlement shall be and remain in effect in all respects as complete and final release of the matters released, notwithstanding any different or additional facts.

  5. Plaintiff Gonzalez agrees that she will not, at any time hereafter, commence, maintain or prosecute any action, at law or otherwise, or assert any claim against the parties herein released and/or execute or enforce any judgment against the parties herein released, for damages, losses or for equitable relief relating to the matters herein released.

  6. Upon payment of the amount specified in the Offer of Judgment, Plaintiff Gonzalez shall dismiss with prejudice the First Claim for Relief alleged in the Amended Complaint in the Action.

  7. Plaintiff Gonzalez understands and agrees that this settlement sets forth the full and complete agreement of the parties, and that no statements or representations, other than those contained herein, have been made or relied upon by the undersigned as an inducement for executing this settlement.

  8. Plaintiff Gonzalez acknowledges that she understands all of the terms and conditions of this settlement and that this is a total and final settlement and compromise of all claims being released.

  9. The Offer of Judgment will remain open for fourteen (14) days after the date of service. If this Offer of Judgment is not accepted by Plaintiff Gonzalez by written notice within the fourteen (14) day period, it shall be deemed withdrawn.

  10. If Plaintiff Gonzalez accepts this Offer of Judgment, she must serve written notice to that effect upon Edison's counsel within fourteen (14) days after the date of

service, following which counsel for Edison will file the offer and Notice of Acceptance together with proof of service thereof and request that the clerk enter judgment thereon.

      11.    Evidence of this Offer of Judgment or of conduct or statements made relating to this settlement is not admissible as evidence in any hearing.  Fed. R. Evid. 408. If any judgment finally obtained by Plaintiff Gonzalez is less favorable than this offer, Plaintiff Gonzalez must pay Edison's costs incurred after the making of this offer, pursuant to Federal Rule of Civil Procedure 68.

      We look forward to your response.

Sincerely,

*/s/ Emily S. Costin*

Emily Seymour Costin